**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JUAN DIEGO TORRES ALDANA** | **CASE NO.  1:26-CV-01176 SEC P** |
| **VERSUS** | **JUDGE JERRY EDWARDS** |
| **WARDEN ALEXANDRIA STAGING FACILITY** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by Petitioner Juan Diego Torres-Aldana ("Torres-Aldana").  At the time of filing, Torres-Aldana was an immigration detainee at the Alexandria Staging Facility in Alexandria, Louisiana.  [Docs. 1, 2].  Torres-Aldana seeks his release from detention.

Because Petitioner is no longer detained, the PETITION [Doc. 1] should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**I.    Background**

The Petition does not provide information regarding Torres-Aldana's nationality or citizenship, or when and where he entered the United States.  [Doc. 1].  According to two Motions for Temporary Restraining Order ("TRO"), which were previously denied, Torres-Aldana had a tourist visa at some point, but he does not state the status of that visa when he encountered immigration officials.  [Docs. 8, 11].

In his Motions for TRO, Torres-Aldana alleged that his removal from the United States was imminent.  [*Id.*].

1

According to the ICE online detainee locator service, Torres-Aldana is no longer detained.[1][2]

## II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Because Torres-Aldana is no longer detained, his request for release is moot.

---

[1] https://locator.ice.gov/odls/#/results

[2] On May 4, 2026, the Court ordered Respondents to answer the Petition within 21 days of service, and instructed the Petitioner to effectuate service by Jun 4, 2026. [Doc. 12].  To date, no affidavit of service has been filed indicating Petitioner's compliance.

### III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the PETITION [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 22nd day of June, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE